

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey  07102*

July 24, 2020

Linda Foster, Esq.
Federal Public Defender's Office
District of New Jersey
1002 Broad Street
Newark, NJ  07102

    Re:  <u>Plea Agreement with Joe Vega</u>
      20-CR-1006 (CCC)

Dear Ms. Foster:

  This letter sets forth the plea agreement between your client, Joe Vega ("Vega"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **August 8, 2020**, if a signed copy is not received by this Office on or before that date.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Vega to a one-count Information that charges him with possession of a firearm and seven (7) rounds of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). If Vega enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vega for firearm offenses committed on or about November 25, 2019 in Passaic County, New Jersey. However, if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vega agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vega may be commenced against him, notwithstanding the expiration of the limitations period after Vega signs the agreement.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) in Count One of the Information to which Vega agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Vega is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vega ultimately will receive.

Further, in addition to imposing any other penalty on Vega, the sentencing judge: (1) will order Vega to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Vega to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 924(d); and (4) pursuant to 18 U.S.C. § 3583, may require Vega to serve a term of supervised release of not more than 3 years for convictions under 18 U.S.C. § 922(g)(1). Any term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Vega be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vega may be sentenced to not more than 3 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vega by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and

extent of Vega's activities and relevant conduct with respect to this case.

Stipulations

This Office and Vega agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. If the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Vega from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Vega waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Vega agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), he will forfeit to the United States his interests, if any, in the following items seized on or about November 25, 2019: one .40 caliber handgun, bearing serial number XD312433, and seven (7) rounds of ammunition (collectively, the "Specific Property"). Vega acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in any knowing violations of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(c)(1)(A)(ii).

Vega waives the requirements of Rules 32.2 and 43(a) of the Federal Rules

of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Vega consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the Vega's sentencing.  Vega understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  It is further understood that any forfeiture of Vega's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Vega hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Vega also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981 and/or 982. Vega agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Vega has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Vega further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Vega further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

<u>Immigration Consequences</u>

Vega understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Vega understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Vega wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this

plea, even if this plea will cause his removal from the United States. Vega understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Vega waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vega. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Vega.

No provision of this agreement shall preclude Vega from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Vega received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Vega and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: Angelica M. Sinopole
    Assistant U.S. Attorney

APPROVED:

Robert Frazer
Chief, Organized Crime & Gangs Unit

I have received this letter from my attorney, Linda Foster, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 9/4/20
   s/ Joe Vega
Joe Vega


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 9/4/20
Linda Foster, Esq.

- 7 -

<u>Plea Agreement With Joe Vega ("Vega")</u>

<u>Schedule A</u>

1. This Office and Vega recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Vega nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vega within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Vega further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. On November 25, 2019, Vega possessed a .40 caliber semiautomatic pistol, equipped with an extended magazine capable of holding twenty-three (23) rounds of ammunition, and seven (7) rounds of ammunition. The applicable guideline is U.S.S.G. § 2K2.1(a)(4)(B) because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and, on November 25, 2019, Vega was a prohibited person under 18 U.S.C. § 922(g). This guideline carries a base offense level of 20.

4. A four level enhancement is warranted because the defendant used or possessed the firearm and ammunition in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6)(B).

5. The total combined offense level is 24.

### **Acceptance of Responsibility**

6. As of the date of this letter, it is expected that Vega will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Vega's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

7. As of the date of this letter, it is expected that Vega will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Vega's offense level pursuant to U.S.S.G. § 3E1.1(b)

if the following conditions are met: (a) Vega enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Vega's acceptance of responsibility has continued through the date of sentencing and Vega therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Vega's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Vega is 21 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. Vega knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.