UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA   :

                                            CRIMINAL NO. 20-1006 (CCC)

      v.                :

                                            MOTION TO MODIFY
                                            CONDITIONS OF
                                            SUPERVISED RELEASE

JOE VEGA   :

TO:  Honorable Claire C. Cecchi         Angelica M. Sinopole, AUSA
      United States District Judge         United States Attorney's Office
      MLK, Jr. Federal Building           970 Broad Street, 7th Floor
      & U.S. Courthouse                   Newark, NJ 07102
      50 Walnut Street
      Newark, NJ 07102

Judge Cecchi and Counsel:

      Defendant Joe Vega, by his attorney, Linda D. Foster, Assistant Federal Public Defender, hereby moves the Court to modify the conditions of his supervised release, pursuant to 18 U.S.C. § 3583(e)(2). Specifically, Mr. Vega is requesting that his supervised release conditions be modified to allow him to use medical marijuana to manage his back and spinal pain, anxiety, migraines and post-traumatic stress disorder (PTSD).

      In support of this motion, counsel avers as follows:

      1.      On November 17, 2020, Defendant Joe Vega plead guilty to possession of a firearm by a convicted felon. *See United States v. Joe Vega*, Crim. No. 20-1006 (CCC),

Docket Entry 20. He was sentenced on April 22, 2021, to 48 months' imprisonment and three years' supervised release. *Id* at Docket Entry 27.

2.    As a condition of his supervised release, Mr. Vega is prohibited from the illegal possession and use of drugs, including prescription medication not prescribed in his name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. *Id*. at Docket Entry 29.

3.    Mr. Vega suffers from anxiety, chronic pain related to musculoskeletal disorders, chronic pain of visceral origin, intractable skeletal spasticity, migraines, and post-traumatic stress disorder (PTSD). These medical conditions were noted by his treating physician Dr. Anthony Colantonio, M.D., who completed the healthcare practitioner's statement for Mr. Vega's approval of a medical marijuana card. *See* Attending Healthcare Practitioner's Statement, November 29, 2024, attached hereto as Exhibit A. Dr. Colantonio found that, medically, Mr. Vega is a good candidate for a medical marijuana program to help him treat his conditions. *Id*. Accordingly, on January 6, 2025, Mr. Vega was accepted into New Jersey's Medicinal Cannabis Program and issued an identification card. *See* Exhibit B.

4.    Numerous defendants in the District of New Jersey have been approved to use medical marijuana while under supervised release. *See e.g.*, *United States v. Nicholas Ragin*, Crim. No. 22-367 (JXN), Docket Entry 4; *United States v. Robert Louis Moskowitz*, Crim. No. 23-624 (KMW), Docket Entry 4; *United States v. David Morrissey*, Crim. No. 18-454 (RMB), Docket Entry 26; *United States v. Daniel I. Perez*, Crim. No. 18-169 (BRM), Docket Entry 27; *United States v. Rosario Pali*, Crim. No. 16-

245 (BRM), Docket Entry 48. Each of these orders was initiated upon the request of the Probation Office and with the recommendation of the supervising Probation Officer.

5. Mr. Vega requested permission from his supervising Probation Officer, Anthony Nisi, for approval to use medical marijuana prescribed by a licensed medical doctor. Probation Officer Nisi informed Mr. Vega and defense counsel that United States Probation Officers in the District of New Jersey are no longer permitted to recommend that persons on federal supervised release be permitted to use medical marijuana. Accordingly, Probation Officer Nisi recommended that Mr. Vega file a motion with the Court or seek the assistance of the Federal Public Defender's Office in pursuing such a motion.

6. Pursuant to 18 U.S.C. § 3583(e)(2), the Court may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release. District courts have significant discretion to modify the conditions of supervised release under § 3583(e)(2) after considering the purposes of sentencing under 18 U.S.C. § 3553(a). *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013). The Court must also consider whether the current condition involves a deprivation of liberty greater than necessary to fulfill the purposes of supervised release. 18 U.S.C. § 3583(d).

7. It appears that the Probation Office's policy change regarding recommendations for medical marijuana use came about due to uncertainty in the legislative process regarding federally rescheduling marijuana. In May 2024, the United States Department of Justice (DOJ) opened a 60-day public comment period on its proposal to federally reschedule marijuana. *See* DOJ Press Release, *Justice Department*

3

*Submits Proposed Regulation to Reschedule Marijuana*, May 16, 2024.[1] On August 29, 2024, the Drug Enforcement Administration (DEA) provided notice that it would hold an administrative hearing on the proposal. *See* Hearing Notice, 2024-19370 (89 FR 70148), August 29, 2024.[2] The hearing was scheduled to take place on December 2, 2024. Emily M. Leongini *et al.*, *DEA Hearing on Proposal to Reschedule Marijuana Pushed to 2025*, The National Law Review (Nov. 6, 2024).[3] However, a DEA Administrative Law Judge recently ruled that the DEA erred in presentation of witnesses for the December 2 hearing. *Id.* As a result, witness statements and testimony will likely not be heard until early 2025. *Id.*

      8.      Mr. Vega respectfully contends that permitting him to use medical marijuana as part of a state licensed medical marijuana program, and under the direction of a medical doctor, fulfills the purposes of sentencing in his case. Mr. Vega is in tremendous pain and suffers from anxiety, migraines and PTSD. Allowing Mr. Vega to use medical marijuana to treat his conditions and chronic pain will not endanger the public. His use and compliance will be monitored by both his prescribing doctor, which has provided a schedule for the quantity of marijuana allowed for each 30-day period through November 2025, and by the Probation Department.

---

[1] Available at https://www.justice.gov/archives/opa/pr/justice-department-submits-proposed-regulation-reschedule-marijuana
[2] Available at https://www.federalregister.gov/documents/2024/08/29/2024-19370/schedules-of-controlled-substances-rescheduling-of-marijuana
[3] Available at https://natlawreview.com/article/dea-hearing-proposal-reschedule-marijuana-pushed-2025

9.     Mr. Vega is also currently on New Jersey State parole and will be allowed to use medicinal THC while under state supervision.

10.    Mr. Vega is aware of his continuing obligations under the terms of his supervised release, and if he is granted this modification, he will continue to honor those obligations.

For the foregoing reasons, Mr. Vega respectfully requests that this Court modify the conditions of his supervised release to allow him to use medical marijuana for pain management purposes and to manage his anxiety, migraines and PTSD. A proposed order is attached for the Court's consideration.

                                                  Respectfully submitted,

                                                  s/ *Linda D. Foster*

                                                  Linda D. Foster

Dated: February 24, 2025                   Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

      I, Linda D. Foster, Assistant Federal Public Defender, attorney for defendant Joe Vega, hereby certify that copies of Mr. Vega's Motion to Modify Conditions of Supervised Release and Proposed Order were filed with the Court via electronic filing and served upon counsel for the government, Assistant United States Attorney Angelica M. Sinopole, by electronic filing, on February 24, 2025.

                                                       s/ Linda D. Foster

                                                       Linda D. Foster
                                                       Assistant Federal Public Defender